■ EDNA M. GREGWARE, as Administratrix of the Estate of JOHN H. GREGWARE, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 53061.) EDNA M. GREGWARE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 53062.) MARJORIE L. SCULLY, as Administratrix of the Estate of JOHN T. GREGWARE, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 53063.) JOHN D. GREGWARE, an Infant, by His Guardian, MARJORIE L. SCULLY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 53064.)—Appeals from judgments in favor of the State, entered August 1, 1974, upon a decision of the Court of Claims. These claims are for damages for wrongful deaths and personal injuries sustained by the occupants and driver of an automobile operated by John H. Gregware on October 26, 1968 when the automobile failed to negotiate a right-hand curve and crossed over into the opposing traffic lane, colliding with a tractor trailer. Damages were sought on the theory that the State had negligently designed the highway (Route 30) at the curve and thereby proximately caused the accident. The claimants also contended that the curve had not been properly signed as to the degree of turn or the safe speed. As is often the case in such negligence actions, there was conflicting expert testimony as to the proper standards for the curve, both as to its design and the warning sign. Upon appeal the dispositive factor is the lack of any evidence which would reasonably establish that the driver of the automobile left his proper lane of traffic because of any negligence on the part of the State. A police officer testified that he found no skid marks to indicate that the brakes were applied on the automobile; Edna Gregware, claimant, and passenger in the automobile, does not describe any corrective action taken by the automobile or the driver immediately before the accident; John D. Gregware, infant claimant, and passenger in the automobile recalls nothing strange before the accident; and an eyewitness observed the car just cross the center of the road and hit the truck. The trial court found: "The Court is of the opinion that even if the posted speed limit had been lower, a different curve sign had been installed and the roadway had been widened and banked according to today's standards, the accident would still have occurred. The testimony of Donald W. Pennington at a motor vehicle hearing that the decedent was looking 'straight ahead', but continued straight across the road and took no corrective action, indicates that his

operation of the motor vehicle was the proximate cause of the accident." Judgments affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.